JAMES L. DENNIS, Circuit Judge,
concurring:
I concur in the court’s opinion and judgment, but I write separately to briefly state my understanding of one point. That is, that “judicial estoppel is not governed by inflexible prerequisites or an exhaustive formula for determining its applicability, and numerous considerations may inform the doctrine’s application in specific factual contexts.” Love v. Tyson Foods, Inc., 677 F.3d 258, 261 (5th Cir.2012) (internal quotation marks omitted); see also Reed v. City of Arlington, 650 F.3d 571, 574 (5th Cir.2011) (en banc) (“Because the doctrine is equitable in nature, it should be applied flexibly, with an intent to achieve substantial justice.” (quoting 18 James Wm. Moore et al., Moore’s Federal Practice § 134.31, at 73 (3d ed.2011))). Depending on the specific facts of the case, whether judicial estoppel is invoked and, if so, what is the remedy crafted may differ. See, e.g., Gilbreath v. Averitt Exp., Inc., No. 09-1922, 2010 WL 4554090 (W.D.La. Nov. 3, 2010). The bankruptcy court, which is closest to the facts, operates in a zone of discretion in crafting an appropriate remedy. Cf. In re Coastal Plains, Inc., 179 F.3d 197, 205 (5th Cir.1999) (“[Jjudicial estoppel is an equitable doctrine, and the decision whether to invoke it within the court’s discretion.... ”). That we affirmed the bankruptcy court’s remedy here — es-topping Flugence from pursuing her personal-injury claim while allowing the bankruptcy trustee to do so and requiring that any recovery by the trustee exceeding Flu-gence’s remaining debt be refunded to the tortfeasors — does not imply that the same must be done in all cases in which a debtor fails to disclose a claim to the bankruptcy court. As our opinion does not require the same remedy in all cases, I concur.